**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ADAM W. PEET, ) | |
| ) | CASE NO. 1:06CV00010 |
| Petitioner, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| JULIUS WILSON, Warden, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. ) | |

Petitioner, Adam W. Peet ("Peet"), challenges the constitutionality of his conviction in the case of *State v. Peet*, Medina County Common Pleas Case No. 04-CR-0065. Peet, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on December 13, 2005 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. This Memorandum Opinion and Order is not a Report and Recommendation to the District Court Judge as additional information is necessary for final resolution of this case. For reasons set forth in detail below, the Magistrate Judge will hold an evidentiary hearing before filing a Report and Recommendation.

## I. Procedural Background

**A.   Charges and Plea Agreement**

The Medina County Grand Jury indicted Peet for two counts of felonious assault in violation of Ohio Revised Code (O.R.C.) §§ 2903.11(A)(1) & (A)(2).  (Doc. No. 10-3, Exh. 1.) Initially, Peet entered a plea of not guilty to all charges contained in the indictment.  (Doc. No. 10-3, Exh. 2.)

During a change of plea hearing held before Judge James L. Kimbler on April 12, 2004, Peet, represented by counsel David Sheldon, pled guilty to one count of felonious assault under O.R.C. § 2903.11(A)(1) in exchange for a dismissal of the second felonious assault charge. (Doc. No. 10-3, Exh. 3; Tr. 2-4.)  Peet was informed, among other things, that a charge of felonious assault is classified as a felony of the second degree and carries a possible sentence of two to eight years in jail.  (Tr. 5.)

At a sentencing hearing held on June 4, 2004, the trial court sentenced Peet to a prison term of five (5) years with credit for 114 days served awaiting sentence.  (Doc. No. 10-3, Exh. 4.)  Judgment entry was entered on June 8, 2004.  (Doc. No. 10-3, Exh. 4.)

**B.   Direct Appeal**

**1. State Court of Appeals**

Peet failed to file a timely notice of appeal.  On March 25, 2005, Peet filed a Motion for Leave to Appeal pursuant to Ohio App. R. 5(A).[1]  (Doc. No. 10-3, Exh. 5.)  Along with his motion, Peet filed an affidavit in which he stated that the following:

---

[1] The substance of the appeal Peet wishes to raise appears to be that his trial counsel told him that his plea agreement would result in a sentence of only two years rather than the five years he received.  (Doc. No. 1-2 at 5.)

> I was not informed of my right to appeal. When I asked about my appeal my attorney advised me that he would take care of it for me. The trial court did not advise me of my right to appeal. The trial court did not appoint Appellate Counsel on my behalf, even though I had appointed counsel for the trial court proceedings.

(Doc. No. 10-3, Exh. 5.) Peet did not file a memorandum in support of his motion. The State filed an objection to Peet's motion arguing that Peet, who was eight months late for a timely appeal, failed to provide any justifiable excuse for his failure to comply with the time requirements of Ohio App. R. 4(A). (Doc. No. 10-3, Exh. 6.) On April 14, 2005, the state court of appeals denied Peet's motion for delayed appeal and found that Peet failed to provide any support for his claim that he was unaware of his right to appeal. (Doc. No. 10-3, Exh. 7.) The Court further observed that Peet had set forth "insufficient reasons for failure to perfect a timely appeal." (Doc. No. 10-3, Exh. 7.) After the state appellate court's decision, Peet filed a response to the State's objection on April 18, 2005. (Doc. No. 10-4, Exh. 11.)

### 2. Supreme Court of Ohio

Peet appealed the state appellate court's denial of his motion to the Supreme Court of Ohio. (Doc. No. 10-3, Exh. 8.) In his Memorandum in Support of Jurisdiction, Peet argued that (1) he was denied due process and equal protection of the law when the trial court and/or counsel failed to inform him of his right to appeal; and (2) his counsel's failure to file a notice of appeal, despite being instructed to do so, resulted in ineffective assistance of appellate counsel. (Doc. No. 10-3, Exh. 8.) The State filed an objection to Peet's motion and argued that because Peet pled guilty, he has waived all factual and affirmative defenses. (Doc. No. 10-4, Exh. 9.) The State further asserted that the only issue Peet could raise on appeal is sentencing, but Peet failed to provide the court with a sentencing transcript and thereby failed to preserve the issue. (Doc.

No. 10-4, Exh. 9.)[2] On September 7, 2005, the Ohio Supreme Court denied Peet's motion for leave to appeal as not involving any substantial constitutional question. (Doc. No. 10-4, Exh. 10.)

**C.  Federal Habeas Petition**

On January 4, 2006, Peet filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) The asserted grounds for relief can be summarized as follows:[3]

> Ground One: Petitioner was denied his due process rights and the equal protection of the law when the trial court failed to inform him of his right to appeal.
>
> Ground Two: Petitioner was deprived effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution.

(Doc. No. 1.)

## II.  Procedural Default

Respondent contends that none of Peet's claims are unexhausted, procedurally defaulted, or barred by a statute of limitations. (Doc. No. 10 at 4-5.) Nevertheless, the state appellate court's dismissal of Peet's claims for failing to timely file an appeal merits a discussion of whether Peet's claims are procedurally defaulted.

---

[2] From the state docket, it appears a praecipe was filed on the same date Peet filed his motion for delayed appeal asking the court reporter "for transcript of proceedings w/cert. of service filed." (Doc. No. 10-3, Exh. 7.) Such filing is required by Local Rule 5(A)(1)(a) of the 9th Appellate District in Medina County, Ohio.

[3] Peet, acting *pro se*, does not categorize his claims into these two distinct categories, but the Court finds his petition raises or attempts to raise these two arguments.

**A.     Standard**

Procedural default occurs when the petitioner fails to present his federal constitutional claim to the state courts in the manner required by state procedural law, and the state courts impose the procedural bar of refusing to review the merits of the alleged error.  Even constitutional errors will not be noticed on federal habeas corpus review if an adequate and independent state law ground exists for upholding the conviction or sentence.  *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991).  The denial of an appeal for non-compliance with the time limit prescribed by the state is an adequate and independent state ground.  *Id.* at 751.

The procedural default may be excused if the petitioner shows cause for the procedural default and prejudice from the alleged error.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Specifically, the Sixth Circuit's *Maupin* decision sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by petitioner's failure to observe a state procedural rule.  First, the court must determine whether there is a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. *Id.* at 138.  Second, the Court must decide whether the state courts actually enforced its procedural sanction.  *Id*.  Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim.  Such a rule is adequate if it is regularly or consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not depend on a federal constitutional ruling.  *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).  Fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by

5

the alleged constitutional error.  *See also Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.")

Under the second prong of the *Maupin* analysis, the court must actually rely on the procedural bar as an independent basis for its disposition of the case.  *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (The last state court rendering a reasoned judgment on the matter must "clearly and expressly" state that its judgment rests on such a procedural bar for the doctrine of procedural default to apply).  Further, review by a state court of an otherwise procedurally defaulted claim to determine whether the error, if any, constituted a manifest miscarriage of justice does not revive the defaulted claim for purposes of federal habeas corpus review.  *Scott v. Mitchell*, 209 F.3d 854, 868 (6th Cir. 2000) ("manifest injustice" review by state court of defaulted claim does not constitute waiver of the default); *see also Seymour v. Walker*, 224 F.3d, 542, 557 (6th Cir. 2000) (Court of Appeals' plain error review does not constitute waiver of state procedural rules).

**B.     Peet's Claims**

Peet failed to comply with the time requirements of an appeal taken as of right as set forth in Ohio App. R. 4.  Although Peet did not timely appeal to the state court of appeals, he filed a Motion for Leave to File a Delayed Appeal pursuant to Ohio App. R. 5(A) as noted above.  (Doc. No. 10-3, Exh. 5.)  The state appellate court denied Peet's motion for a delayed

6

appeal because Peet "set forth insufficient reasons for failure to perfect a timely appeal." (Doc. No. 10-3, Exh. 7.) By refusing to accept Peet's motion for a delayed appeal, the state appellate court actually enforced its procedural sanction.[4]

Although the Sixth Circuit recently affirmed that Ohio Supreme Court Rule II § 2(A)(4)(a) governing delayed appeals to that Court is an adequate procedural ground to foreclose federal habeas review,[5] it came to a different conclusion regarding the effect of time limits on the filing of an appeal of right before a state appellate court:

> [W]e have applied [the *Maupin*] analysis to hold that a state procedural rule governing the timing of filing an appeal was inadequate to bar federal habeas review of claims that were rejected by the state court as untimely under the rule. *Deitz v. Money*, 391 F.3d 804, 810-11 (6th Cir. 2004) (holding that the Ohio Court of Appeals' denial of petitioner's motion for leave to file a delayed appeal under Ohio Rule of Appellate Procedure 5(A) was not an "adequate" basis to preclude habeas review because that rule leaves the decision as to whether to permit a delayed appeal "solely within the discretion of the appellate court" and thus it is not "firmly established and regularly followed" (internal quotation marks omitted)).

*Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. 2006).[6]

---

[4] In its opinion, the state appellate court also noted that Peet had failed to provide support for his claim that he was unaware of his right to appeal. (Doc. No. 10-3, Exh. 7.)

[5] A refusal by the Ohio Supreme Court to hear a delayed appeal amounts to an adequate procedural bar precluding habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (Ohio Supreme Court's denial of Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition), *citing Shabazz v. State of Ohio*, 1998 U.S. App. LEXIS 13444, *3 (6th Cir. June 18, 1998) (unpublished) (The petitioner procedurally defaulted his claims because he did not timely appeal to Ohio Supreme Court and the Ohio Supreme Court denied his motion for delayed appeal); *Hall v. Huffman*, 2000 U.S. App. LEXIS 25956 (6th Cir. Oct. 11, 2000) (unpublished); *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). While a defendant's first appeal to the state court of appeals is an appeal of right, his appeal to the Ohio Supreme Court is not.

[6] The Sixth Circuit disagreed with the district court's assertion "that the denial of an appeal as untimely is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim." *Smith*, 463 F.3d at 431. The Sixth

7

Peet had a right to appeal his sentence after a guilty plea. Thus, the state appellate court's enforcement of a procedural bar in refusing to accept Peet's delayed appeal is ***not*** an "adequate and independent" ground on which the state can rely to foreclose federal habeas review of a constitutional claim.

### III. Review on the Merits

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, because Peet filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). Federal courts are bound by a state court's determination of a petitioner's claims, unless the decision by the state court involved an unreasonable application of clearly established federal law. *See Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998).

**A.     Ground One: Trial Court's Failure to Inform Peet of His Right to Appeal**

Peet asserts that he was denied his due process rights and the equal protection of the law because the trial court failed to inform him of his right to appeal. (Doc. No. 1.) Respondent contends that Peet's affidavit demonstrates that he knew of his right to an appeal and any error by the trial court was not prejudicial. (Doc. No. 10 at 10-11.)

While a state is not constitutionally required to provide a mechanism of appeal for criminal defendants, once a state elects to provide appellate review, it must "do so consistent with the requirements of due process and equal protection." *See Waldron v. Jackson*, 348 F. Supp.2d 877, 889 (N.D. Ohio 2004) ("[I]n Ohio, defendant's initial appeal is a matter of right."),

---

Circuit felt that such an assertion "overstated" the law and was "not completely accurate." *Id*. However, the Sixth Circuit's holdings in *Deitz* and *Smith* preclude the application of Ohio App. R. 5(A) as an independent and adequate procedural bar.

*citing Griffin v. U.S.*, 351 U.S. 12, 18, 76 S. Ct. 585 (1956); *Lopez v. Wilson*, 355 F.3d 931, 939 (6th Cir. 2004).  To satisfy due process and equal protection, an indigent defendant must be provided with counsel on his or her first appeal of right from a criminal conviction.  *See Waldron*, 348 F. Supp.2d at 889, *citing Douglas v. California*, 372 U.S. 353, 355-58, 83 S. Ct. 814 (1963).  Due process requires that a criminal defendant receive effective assistance of counsel on his or her first appeal of right.  *See Evitts v. Lucey*, 469 U.S. 387, 396-97, 105 S. Ct. 830 (1985).

A defendant's constitutional rights are violated "if a convicted defendant is denied an appeal 'by reason of his lack of knowledge of his right [to appeal] and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel.'" *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001) *quoting Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970); *accord Morris v. Wolfe*, 2007 U.S. Dist. LEXIS 6627 at **18-19 (S.D. Ohio 2007).  However, the United States Supreme Court has held that a "district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Peguero v. United States*, 526 U.S. 23, 24 (1999).

Respondent does not challenge Peet's assertion that the trial court failed to inform him of his right to appeal.  (Doc. No. 10.)  Upon review of the transcript from Peet's change of plea hearing and sentencing hearing, the Court finds no evidence contrary to Peet's assertion.  Thus, the initial issue in this case is whether Peet had actual knowledge of his right to file an appeal.  In an affidavit filed with this Court, Peet asserts that he was not informed by the trial court of his right to file an appeal or by his trial counsel, but that he nevertheless "specifically requested counsel to appeal the sentence on my behalf."  (Doc. No. 3.)  Peet's actual knowledge of the

9

right to an appeal mitigates any prejudice arising from the trial court's failure to inform him of that right.  *See Peguero*, 526 U.S. at 26.

Because Peet cannot demonstrate any prejudice resulting from the trial court's failure to apprise him of his right to file an appeal, Ground One of his petition lacks merit and should be dismissed at the appropriate time.

**B.      Ground Two: Ineffective Assistance of Appellate Counsel**

Peet alleges in his habeas petition that he asked his trial counsel to file an appeal on his behalf and his attorney indicated that he would file an appeal . (Doc. No. 1 & 3.)  In *Flores-Ortega*, the Supreme Court further stated that an attorney who disregards a criminal defendant's instruction to file a notice of appeal acts unreasonably.  528 U.S. 470, *citing Rodriguez v. U.S.*, 395 U.S. 327 (1969); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.")  Applied to the facts herein, it is clear that if Peet's allegations are true, his counsel did not act reasonably by failing to file a notice of appeal after being asked to do so by his client.[7]

---

[7] In *Flores-Ortega*, the Supreme Court addressed a somewhat different set of facts than alleged by Peet herein.

> [A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice.  Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.  At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently....  The question presented in this case lies between those poles: Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?

10

The next inquiry is whether the deficient performance of Peet's appellate counsel prejudiced him.  Counsel's failure to file a notice of appeal cannot reasonably be construed as a strategic decision.  *Flores-Ortega*, 528 U.S. at 476.  When a defendant alleges that his appellate counsel's ineffective assistance resulted in forfeiture of the appeal itself because he was effectively denied an appeal, prejudice is presumed.  *See, e.g., Smith v. Ohio Dep't of Rehabilitation & Corrections*, 463 F.3d 426, 435 (6th Cir. 2006) ("When, as here, a defendant alleges that his counsel's ineffective assistance led 'to forfeiture of a proceeding itself' by denying him the opportunity to appeal and thus to the appeal proceeding itself, prejudice is presumed"), *citing Flores-Ortega*, 528 U.S. at 472 ("[D]enial of the entire judicial proceeding [such as an appeal proceeding] also demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place.")

Because Peet is not alleging that his counsel's performance during appeal was ineffective but rather that his counsel's performance deprived him of the actual appeals proceeding, prejudice is presumed.  While the merits of an appeal by Peet appear dubious at best, Peet is not required to explain what issues he would raise on appeal or make any demonstration as to the merits of the issues that would be raised.  *See Rodriguez*, 395 U.S. at 328-330 (finding that a petitioner whose was deprived of his right to an appeal cannot be required to demonstrate that denial of his appeal caused prejudice).  When an appellate counsel, as alleged here, deprives a defendant of an appeal as of right through his deficient performance and the defendant clearly manifested his intention to appeal, a defendant is entitled to a new appeal.  *See Flores-Ortega*, 528 U.S. at 476 ("[D]efendant, by instructing counsel to perfect an appeal, objectively indicated

---

528 U.S. at 477.

11

his intent to appeal and was entitled to a new appeal without any further showing ..."), *citing Rodriguez*, 395 U.S. at 330 ("hold[ing] that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated ..."); *Peguero*, 526 U.S. at 28 ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to ... [a new] appeal without showing that his appeal would likely have had merit.")

Though the state court of appeals found that Peet failed to provide any support for his claim that he was unaware of his right to appeal, the state court made no specific finding with respect to Peet's claim that he was denied effective assistance of appellate counsel. (Doc. No. 10-3, Exh. 7.) Rather, the state court merely observed that Peet had set forth "insufficient reasons for failure to perfect a timely appeal." (Doc. No. 10-3, Exh. 7.) "[I]f the state court decision is void of any results or reasoning that would allow a reviewing court to determine whether its decision was contrary to or involved an unreasonable application of Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, then this court exercises its independent judgment and reviews the claim de novo." *Granger v. Hurt*, 2007 U.S. App. LEXIS 2967 at **9-10 (6th Cir. 2007), *citing McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

Respondent concedes that Peet had a right to appeal his sentence after a guilty plea. Peet alleges he instructed his counsel to file an appeal. No appeal was ever filed. If Peet's allegation is true, he would be entitled to a new appeal.[8]

---

[8] It is unclear if Peet is attempting to challenge the voluntariness of his plea or the trial court's basis for imposing a five-year sentence. In this Court's view, that difference is potentially significant, but it appears the Sixth Circuit has expressed a different view. *Deitz*, 391

In *Deitz*, the Sixth Circuit instructed the district court to address petitioner's ineffective assistance of counsel claim on the merits without requiring that the claim first be exhausted in Ohio state courts. 391 F.3d at 811-812 ("In light of the fact that the state courts have already ruled that they will no longer hear [petitioner's] appeals ... any attempts by [petitioner] to exhaust his state-court remedies would be futile.)  As in *Deitz*, Peet is entitled to habeas relief "if he can in fact prove that he asked his attorney to file a timely appeal and that the attorney failed to do so." *Id*. at 811.

In this case, the Court does not have sufficient facts to determine if Peet instructed his counsel to file an appeal; an evidentiary hearing is, therefore, appropriate.  While the AEDPA restricts the circumstances where an evidentiary hearing is appropriate, the restrictions only apply "[i]f the applicant has failed to develop the factual basis of a claim." 28 U.S.C. § 2254(e)(2).  The Sixth Circuit has explained that a District Court may indeed hold an evidentiary hearing unless the failure to develop the underlying facts could be attributed to the petitioner.

> A defendant fails to develop the factual basis of a claim only when he is at fault for failing to develop the factual record in state court, as when he or his counsel has not exercised proper diligence, or greater fault, in failing to develop the record.  The test for "failed to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in the state court.  Diligence for purposes of § 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court."  If the petitioner did not fail to develop the facts in the state court,

---

F.3d at 811 ("[P]etitioner is entitled to habeas relief if he ... asked his attorney to file a timely appeal and that the attorney failed to do so" without looking at the merits of the claim as prejudice is presumed); see also *Peguero*, 526 U.S. at 28 ("[A] defendant is entitled to ... [a new] appeal without showing that his appeal would likely have had merit" where defendant instructed counsel to file an appeal but no appeal was perfected).  Thus, the issue before the Court is whether Peet actually requested his attorney to file an appeal and not whether there is any merit to Peet's underlying claims (*i.e.* the issues he would have raised on appeal).

then the district court may hold an evidentiary hearing.

*McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004) (citations omitted).

Respondent contends, in conclusory fashion, that Peet should not be entitled to an evidentiary hearing because he did not exercise due diligence to gather the evidence in state court. (Doc. No. 10-1 at 17-18.) Respondent alleges: (1) Peet's "self-serving affidavit" is insufficient; and (2) Peet "most certainly could and should have developed the record much more substantially than he did in the Court of Appeals." Respondent cites only broad propositions of law to support his argument. Respondent fails to cite any state rule or procedure that provides for an evidentiary hearing in connection with a delayed appeal taken pursuant to Ohio App. R. 5(A) that would have allowed Peet to develop his record. Respondent also fails to specify what evidence Peet, an imprisoned petitioner, reasonably had available to him other than his own statement, which he provided to the state appellate court in affidavit form. Thus, Respondent's argument that an evidentiary hearing is inappropriate under the AEDPA is not well taken.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge will set this matter for an evidentiary hearing on the sole issue of whether Peet requested his counsel to file an appeal on his behalf.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: April 24, 2007.